UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WIDERMAN MALEK P.L. et al.,

    Petitioners,

v().                                                     Case No. 6:20-cv-665-Orl-37GJK

JOVITA CARRANZA,
ADMINISTRATOR OF THE UNITED
STATES SMALL BUSINESS
ADMINISTRATION,

    Respondent.

## ORDER

Petitioners move for a temporary restraining order ("**TRO**") and preliminary injunction ("**PI**"). (Doc. 6 ("**PI Motion**"); Doc. 7 ("**PI Memo**"); Doc. 8 ("**TRO Motion**").). On review, the Court denies the TRO Motion, takes the PI Motion under advisement, and sets an expedited briefing schedule and a hearing on the PI Motion.

### I.    BACKGROUND

Petitioners—over fifty small businesses—seek mandamus relief against Jovita Carranza, the Administrator of the U.S. Small Business Administration ("**SBA**"). (Doc. 1 ("**Petition**").) Petitioners contend § 1110 of the Coronavirus Aid, Relief, and Economic Security Act ("**CARES Act**") added a new component to the Economic Injury Disaster Loan ("**EIDL**") program, which requires the SBA to provide an emergency EIDL grant to small business applicants, up to $10,000, within three days of applying. (*Id.* ¶¶ 5, 72, 80.) Petitioners individually requested a $10,000 grant using the EIDL application, yet none

received a grant within three days. (*Id.* ¶¶ 7–8, 101–02.) Petitioners claim that without the $10,000 EIDL grants, their businesses are in jeopardy of permanently closing. (*Id.* ¶ 99.) Contending Respondent failed to timely provide the requested grants as required by the CARES Act, Petitioners argue the Court must compel Respondent to immediately issue the requested $10,000 EIDL grants to each Petitioner. (*Id.* ¶¶ 89–90, 105–13.) With the Petition, Petitioners also request a TRO and PI requiring Respondent to comply with the EIDL law in the CARES Act. (*See* Docs. 6–8.)

## II.   LEGAL STANDARDS

The Court may issue a TRO without notice to the adverse party in very limited circumstances. *See* Fed. R. Civ. P. 65(b)(1); Local Rule 4.05. The Court may grant such relief only in "emergency cases" and if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [("**Immediate and Irreparable Harm Requirement**")]; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required [("**Notice Certification Requirement**")].

Fed. R. Civ. P. 65(b)(1)(A)–(B); Local Rule 4.05. Under Local Rule 4.05(b), a TRO motion and supporting memorandum must also satisfy these requirements:

> (2) The motion must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible [("**Specific Facts Requirement**")].
>
> (3) The motion should also: (i) describe precisely the conduct sought to be

enjoined [("**Description Requirement**")]; (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c), Fed. R. Civ. P. [("**Bond Facts Requirement**")]; (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d), Fed. R. Civ. P. [("**Proposed Order Requirement**")]; and (iv) should contain or be accompanied by a supporting legal memorandum or brief [("**Brief Requirement**")].

(4) The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any.

Local Rule 4.05(b)(2)–(4). Further, the moving party must establish: (1) a likelihood of success on the merits; (2) irreparable injury without the requested relief; (3) threatened injury outweighs any harm to the non-moving party; and (4) relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also* Local Rule 4.05(b)(4).

### III.   ANALYSIS

Petitioners' TRO Motion fails to satisfy the high threshold for a TRO for multiple reasons. Foremost, Petitioners have failed to satisfy Rule 65's Immediate and Irreparable Harm Requirement and Local Rule 4.05's Specific Facts Requirement. Neither the Petition nor affidavits supporting the Petition and TRO Motion establish "*immediate* and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." *See* Fed. R. Civ. P. 65(b)(1)(A) (emphasis added); Local Rule 4.05(b)(2). Petitioners claim that without

the $10,000 EIDL grants, their businesses and many other small businesses "are in jeopardy of closing permanently." (Doc. 1, ¶ 99.) The affidavits are equally vague, stating there will be "[i]mmediate and irreparable harm in the form of small business closures and the resulting unemployment and financial losses will result before Respondent can be heard in opposition." (Doc. 8-1, ¶ 13.) These general statements about what may happen at some unspecified time don't show Petitioners will experience immediate and irreparable harm before Respondent can be heard—magnified by there being over fifty Petitioners, which makes it impossible to assess the individual harm they each face. *See* Fed. R. Civ. P. 65(b)(1)(A); *see also, e.g.*, *Gardner v. Mutz*, No. 8:18-cv-2843-T-33JSS, 2018 WL 6061447, at *3 (M.D. Fla. Nov. 20, 2018) (denying a motion for temporary restraining order that lacked specific facts or actual examples to show the defendants will harm the plaintiffs before an expedited hearing on a preliminary injunction request).

The other reasons are procedural, rather than substantive. Petitioners failed to satisfy the Proposed Order Requirement as they did not provide a proposed TRO prepared in compliance with Rule 65(b) as required under Local Rule 4.05(b)(3). And although Petitioners' affidavit discusses why notice shouldn't be required (*see* Doc. 8-1), Petitioners' PI Memo, which they use to support both their PI Motion and TRO Motion, doesn't discuss why notice cannot be given, in contravention of Local Rule 4.05(b)(4)(ii). (*See* Doc. 7.) Yet even technical deficiencies are enough to deny a TRO motion. *See, e.g.*, *Hammer v. Bank of Am.*, No. 8:13-cv-1910-33AEP, 2013 WL 3866532, at *4 (M.D. Fla. Jul. 25, 2013) (noting a court is justified in denying a TRO motion if "it fails to comply with the

Local Rules and the Federal Rules"). So the Court will not issue a TRO.[1]

But the Court takes Petitioners' allegations seriously. The Court will take the PI Motion under advisement and set an expedited briefing schedule and a hearing.

### IV.   CONCLUSION

It is **ORDERED AND ADJUDGED:**

1. Petitioners' Motion for Temporary Restraining Order (Doc. 8) is **DENIED**.

2. The parties' Joint Motion to Set Briefing Schedule on Petitioners' Motion for Temporary Restraining Order (Doc. 10) is **DENIED AS MOOT**.

3. The Court will **TAKE UNDER ADVISEMENT** Petitioners' Motion for Preliminary Injunction (Doc. 6).

4. On or before Thursday, **May 14, 2020,** Petitioners may file any further evidence or affidavits to support the PI Motion.

5. On or before Thursday, **May 28, 2020**, Respondent may file a response in opposition to the PI Motion, including all opposing affidavits.

6. On or before Thursday, **June 4, 2020**, Petitioners may file a reply to Respondent's response. Petitioners' reply shall be directed only to Respondent's response; shall include no new issues, rebuttal affidavits, or other evidence in support; and shall not exceed five (5) pages.

7. This matter will be heard before the undersigned on Tuesday, **June 9, 2020**,

---

[1] Because the Court finds a TRO unwarranted for the reasons discussed, the Court does not require additional briefing from the parties on the TRO Motion. So the parties' motion to set a briefing schedule on the TRO Motion (Doc. 10) is denied as moot.


**at 10:15 a.m.**, in Courtroom 4A of the Orlando Courthouse, 401 West Central Boulevard, Orlando, Florida, 32801. Each side shall have thirty (30) minutes for oral argument. No evidence will be taken at the hearing.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 7, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record