IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| WIDERMAN MALEK P.L., et al.,<br><br>　Petitioners,<br><br>　　v.<br><br>JOVITA CARRANZA, Administrator of the UNITED STATES SMALL BUSINESS ADMINISTRATION,<br><br>　Respondent | Case No.: 6:20-cv-00665 |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

i

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. THE SBA IS SUBJECT TO INJUNCTIVE RELIEF ........................................... 1

III. THE STATUTORY LANGUAGE IS UNAMBIGUOUS ................................... 1

IV. IT IS A REASONABLE EXERCISE OF THIS COURT'S DISCRETION TO GRANT MANDAMUS RELIEF ......................................................................................... 4

V. IRREPARABLE HARM HAS BEEN PROVEN .................................................. 4

# **TABLE OF AUTHORITIES**

**Cases**

*Arangure v. Whitaker*,
   911 F.3d 333, 337-38 (6th Cir. 2018) .................................................................................... 2

*Camelot Banquet Rooms, Inc. v. United States Small Business Administration*,
   No. 20-C-0601, 2020 WL 2088637 (E.D. Wis. May 1, 2020) .......................................... 1, 4, 5

*Campbell v. Galeno Chem. Co.*,
   281 U.S. 599, 610, 50 S. Ct. 412, 74 L. Ed. 1063 (1930) ............................................................ 4

*Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*,
   467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ................................................................ 2

*City of Arlington, Tex. v. F.C.C.*,
   569 U.S. 290, 296, 133 S. Ct. 1863, 185 L. Ed. 2d 941 (2013) .................................................. 2

*DV Diamond Club of Flint, LLC v. United States Small Business Administration*,
   No. 20-CV-10899, 2020 WL 2315880 (E.D. Mich. May 11, 2020) .................................. 1, 4, 5

*Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*,
   297 U.S. 129, 134, 56 S. Ct. 397, 80 L. Ed. 528 (1936) .............................................................. 4

*Mid–Am. Care Found. v. N.L.R.B.*,
   148 F.3d 638, 642 (6th Cir. 1998) ............................................................................................... 2

*Morrill v. Jones*,
   106 U.S. 466, 1 S.Ct. 423, 27 L.Ed. 267 (1883) ......................................................................... 3

*Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*,
   463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983). ....................................................... 3

*Se. Mech. Servs., Inc. v. Brody*,
   No. 8:08-CV-1151-T-30EAJ, 2008 WL 4613046 (M.D. Fla. Oct. 15, 2008) ............................ 5

*Truglia v. KFC Corp.*,
   692 F. Supp. 271, 279 (S.D.N.Y. 1988), aff'd sub nom. Truglia v. KFC, 875 F.2d 308 (2d Cir.
   1989) ........................................................................................................................................... 5

*Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*,
   858 F.3d 1034, 1045 (7th Cir. 2017) ........................................................................................... 5

**Statutes**
5 U.S.C. § 706(2)(C) ........................................................................................................................ 2

Petitioners file this Reply in further support of their Motion for a Preliminary Injunction.

## I.     INTRODUCTION

While the Respondent relies heavily on *LIT Ventures, LLC v. Carranza* in her Response in Opposition, the two more recent cases, where injunctions were issued against the SBA, were not addressed. See, *DV Diamond Club of Flint, LLC v. United States Small Business Administration,* No. 20-CV-10899, 2020 WL 2315880 (E.D. Mich. May 11, 2020) and *Camelot Banquet Rooms, Inc. v. United States Small Business Administration*, No. 20-C-0601, 2020 WL 2088637 (E.D. Wis. May 1, 2020).

## II.     THE SBA IS SUBJECT TO INJUNCTIVE RELIEF

Section 634(b)(1) of the Small Business Act allows the Respondent to sue and be sued. Respondent, however, argues that Section 634(b)(1) bars all injunctive relief against the SBA. Presumably, regardless of whether the SBA has exceeded its authority or failed to comply with the clear language of a statute. The U.S.D.C., Eastern District of Wisconsin, and the U.S.D.C., Eastern District of Michigan each held that Section 634(b)(1) does not bar injunctive relief against the SBA, where, as presently alleged, the SBA has exceeded its statutory authority and where an injunction would not interfere with the agency's internal operations. See *Camelot*, 2020 WL 2088637, (Dkt. 28, pp. 6-8) and *DV Diamond*, 2020 WL 2315880, (ECF No. 42, pp. 16-19).

## III.     THE STATUTORY LANGUAGE IS UNAMBIGUOUS

The CARES Act included a new provision, the Emergency EIDL Grant, Section 1110. This is a new program, which provides a *grant* to the applicant, as opposed the preexisting EIDL Loan program, which provided a *loan* to the applicant. A grant, by definition, is different than a loan, but the Respondent attempts to conflate the two. Because the grant provision is new, prior cases related to the SBA's discretionary authority related to loans are inapplicable.

The Administrative Procedures Act prohibits agencies from taking action "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C). Courts "review the propriety of agency action under the two-step framework set forth in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)." In step one of a Chevron analysis, a court asks whether "Congress has directly spoken to the precise question at issue." *Chevron* at 842. To answer this question, "courts must determine whether the statute is ambiguous, applying the ordinary tools of statutory construction. If the statute is unambiguous, then the court applies it as-written; that is the end of the matter." *Arangure v. Whitaker*, 911 F.3d 333, 337-38 (6th Cir. 2018). If Congress has spoken to the question at issue, then "the reviewing court must give effect to the will of Congress irrespective of any contrary agency interpretation." *Mid–Am. Care Found. v. N.L.R.B.*, 148 F.3d 638, 642 (6th Cir. 1998). However, if the statute is ambiguous, only then does the court move to step two of the Chevron analysis. At that step, a court must "defer to the agency's construction if it is 'permissible'—i.e., 'within the bounds of *reasonable interpretation*.'" *Arangure* at 338 (quoting *City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 296, 133 S. Ct. 1863, 185 L. Ed. 2d 941 (2013)). [emphasis added.]

The only reasonable interpretation of CARES Act Section 1110 is that the Petitioners are entitled to receive an Emergency EIDL Grant, "in the amount requested by the Petitioner, up to $10,000, within three day of making such request". While Respondent asserts that Section 1110 "speaks only in terms of what applicant may request, it does not speak in terms of what SBA must do", this interpretation defies common sense. The SBA proposes an unreasonable interpretation and tortured reading of the otherwise unambiguous language of Section 1110.

The EIDL Grant and Loan programs are completely unrelated to "employees". The Payroll Protection Program ("PPP"), another major provision of the CARES Act, is the program that

2

directly relates to employees and payroll. If an applicant receives a PPP loan and an EIDL grant and loan, the applicant is not permitted to use the proceeds for the same expense. Therefore, tying the amount of the Emergency EIDL Grant to the number of employees is nonsensical and an unreasonable interpretation of the clear statutory language.

While §1114 of the CARES Act permitted the Respondent to promulgate rules associated with the administration of CARES Act programs without the notice requirements of 5 U.S. Code §553(b), Respondent failed to issue any rules within the 15 day period. Respondent also failed to comply with 5 U.S. Code §553(b) when she instituted the "$1,000 per employee" policy when determining the amount of the Emergency EIDL Grants.

Even if this Court determined that Section 1110 was ambiguous and the SBA had discretion to determine the amount of the Grant, that discretion cannot be arbitrary and capricious. "Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider" *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983). Congress never intended the amount of the Grant to be tied to the number of employees, or Congress would have included such language in the statute. (See Dkt. 7, Exh. A-3). The Respondent agrees in its Response in Opposition, "Petitioners constitute a variety of businesses, with presumably different levels of expenses required to continue operations, […]" (Dkt. 16, p.21) Tying the amount of the Emergency EIDL Grant solely to the number of employees of a business is arbitrary and capricious.

The SBA is not the legislative branch and cannot make or modify the law. Executive and administrative departments of the government are required to keep within the limits of the power granted them by Congress. *Morrill v. Jones*, 106 U.S. 466, 1 S.Ct. 423, 27 L.Ed. 267 (1883); (additional citations omitted) "The limits of the power to issue regulations are well settled. They

may not extend a statute or modify its provisions" *Campbell v. Galeno Chem. Co.*, 281 U.S. 599, 610, 50 S. Ct. 412, 74 L. Ed. 1063 (1930). "A regulation which…operates to create a rule out of harmony with the statute, is a mere nullity." *Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue*, 297 U.S. 129, 134, 56 S. Ct. 397, 80 L. Ed. 528 (1936).

Within the two CARES Acts, Congress provided all of the money SBA requested in order to assist the existing Emergency EIDL Grant and EIDL loan applicants, plus the anticipated new applicants. However, Congress also made it clear that even if the Respondent had miscalculated the amount required, all she had to do was simply request additional funding from Congress. (See Dkt. 14, Exh. A-3). Consequently, the Respondents assertion that the reduction of the required $10,000 Emergency EIDL Loan amount was necessary due to limited funding is both speculative and misleading, and beyond the agency's authority.

### IV.  IT IS A REASONABLE EXERCISE OF THIS COURT'S DISCRETION TO GRANT MANDAMUS RELIEF

The Respondent asserts that the Petitioners are simply attempting to "jump the queue" for Emergency EIDL Grants, but this is false. Respondent made the same "jump the queue" argument in both *Camelot* and *DV Diamond*; both Courts rejected that argument. See *DV Diamond*, ECF No. 42, pp. 41-42 and *Camelot*, Dkt. 28, p. 30.  Petitioners are only requesting the system be implemented as the statute dictates, and in the order the applications were received, not to disrupt the system. In *Camelot*, the District Court found, "[t]he plaintiffs only seek to set aside unlawful agency action. They do not seek to attach the SBA's assets or otherwise interfere with its internal operations. Many of the Petitioners have received a grant in some amount.  Therefore, they are not "jumping the queue".  The Petitioners already had their place in the queue, but were not given the full amount requested.

### V.  IRREPARABLE HARM HAS BEEN PROVEN

4

Petitioners have demonstrated irreparable harm by the submission of declarations, two independent studies of the effect of the COVID-19 pandemic on small businesses, and 9 separate letters from more than 150 members of Congress. (Dkt. 1, Exh. A and Exhs. A-1-A-2 and Exhs. A-4-A-5 ), (Dkt. 7, Exh. A and Exhs. A-1-A-4), (Dkt. 14, Exhs. A-2-A-4 and Exhs. A-V).

Within the Declarations, Petitioners cited the loss of customers and goodwill that the Petitioners have *already* experienced. "The loss of customers and good will is an irreparable injury" *Se. Mech. Servs., Inc. v. Brody*, No. 8:08-CV-1151-T-30EAJ, 2008 WL 4613046 (M.D. Fla. Oct. 15, 2008). Many Petitioners have also asserted imminent danger of being permanently closed. "The loss or destruction of an entire business has widely been held to constitute irreparable harm, at least when the business has been in operation for some time." *Truglia v. KFC Corp.*, 692 F. Supp. 271, 279 (S.D.N.Y. 1988), aff'd sub nom. *Truglia v. KFC*, 875 F.2d 308 (2d Cir. 1989).

Respondent asserts that Petitioners claims are "out of date" because some businesses have reopened. But the majority of small businesses that have been permitted to reopen are restricted to 25-50% capacity. "[A]s a general matter, it is reasonable to infer that *any* small business, regardless of the services and/or products it provides, would have trouble surviving if forced to close its doors for two months followed by a limited, piecemeal reopening" See *Camelot* p. 29.

Petitioner's lack of an adequate remedy at law, and would suffer irreparable harm without an injunction. Harm is irreparable if it "cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1045 (7th Cir. 2017). To show there is no adequate remedy at law, the plaintiff is not required to demonstrate that the remedy would be wholly ineffectual; the plaintiff must show only that any award would be seriously deficient as compared to the harm suffered. *Id.* at 1046 (citations and quotations omitted). See *Camelot*, p. 25 and *DV Diamond* pp. 39-40.

Dated: June 4, 2020

*/s/ Mark F. Warzecha*
JAMES IPPOLITI, Esq.
FL Bar No. 102674
MARK WARZECHA, Esq.
FL Bar No. 095779
JEFF IPPOLITI, Esq.
FL Bar No. 095608
SCOTT WIDERMAN, Esq.
FL Bar No. 585823
jim@uslegalteam.com
mfw@uslegalteam.com
jeff@uslegalteam.com
scott@uslegalteam.com
WIDERMAN MALEK P.L.
Attorneys for Petitioners
1990 W. New Haven Ave., Second Floor
Melbourne, FL 32904
Phone: 321-255-2332

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of the filing to all attorneys of record.

/s/ Mark F. Warzecha
JAMES IPPOLITI, Esq.
FL Bar No. 102674
MARK WARZECHA, Esq.
FL Bar No. 095779
JEFF IPPOLITI, Esq.
FL Bar No. 095608
SCOTT WIDERMAN, Esq.
FL Bar No. 585823
jim@uslegalteam.com
mfw@uslegalteam.com
jeff@uslegalteam.com
scott@uslegalteam.com
WIDERMAN MALEK P.L.
Attorneys for Petitioners
1990 W. New Haven Ave., Second Floor
Melbourne, FL 32904
Phone: 321-255-2332