# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO. 6:20-cv-665-Orl-37GJK

CELEBRATION LAW P.A.,
LAND AND SEA SURF, LLC,
SAFARI TRADING LLC,
DMS MOVING SYSTEMS OF ALABAMA, INC.,
JMR BUILDERS, INC.,
BEACHSIDE MARINE, INC.,
99 BOTTLES HOSPITALITY LLC,
KIRK W. KESSEL COMPANIES, INC.,
PAUL MEISSNER
SOUTHERN CLOUD SOLUTIONS CORPORATION,
CASCADE FINANCIAL LLC,
HOSKINS CONSTRUCTION INC.,
THE GATHERING TABLE INC.,
JIMMY'S CIGAR LOUNGE, LLC,
MR & MRS FREDDIE FIX IT, INC.,
JENKINS ARAH CORPORATION,
PARADISE AIR & HEAT LLC,
A PLACE LIKE HOME ALF, INC.,
ROBERT T. SCHROTH P.A.,
TACTICAL AESTHETICS, PLLC,
T-LIGO USA, LLC,
NOVAPRO, INC.,
UBIQUITOUS DESIGNS & RENOVATIONS, INC.,
ROCKIN' RELIX INTERNATIONAL, LLC,
CIBELLI'S LLC,
PAUL BLACKMORE,
SIDELINE SPORTS PHOTOGRAPHY, LLC,
INTERNATIONAL TITLE AND ESCROW COMPANY, LLC,
TITLE SOLUTIONS OF FLORIDA, LLC,
ROBERT ABRAHAM DAVIDOWITZ, LLC,
DR. DIANE M. WALKER, PA,
KATE BLACKMORE,

      Petitioners,

vs.

JOVITA CARRANZA, Administrator of the
UNITED STATES SMALL BUSINESS ADMINISTRATION,

Respondent

---

## DECLARATION OF JAMES IPPOLITI IN SUPPORT OF PETITIONERS' VERIFIED AMENDED COMPLAINT

---

I, James Ippoliti, hereby certify pursuant to 28 U.S.C. §1746 and state that:

1.      I am over the age of eighteen (18) and competent to make this Declaration.

2.      I am counsel of record appearing on behalf of the above-named Petitioners.

3.      I submit this Declaration in support of Petitioners' Verified Amended Complaint. (Doc. 25).

4.      Attached hereto as EXHIBIT A-1 is a true and accurate copy of a letter sent by Congressman Deutch to Administrator Carranza dated April 8, 2020. Emphasis added.

5.      Attached hereto as EXHIBIT A-2 is a true and accurate copy of a letter from more than 100 members of Congress to Administrator Carranza dated April 16, 2020. Emphasis added.

6.      Attached hereto as EXHIBIT A-3 is a true and accurate copy of an email sent by the U.S. Small Business Administration, dated March 30, 2020.

7.      Attached hereto as EXHIBIT A-4 is a true and accurate copy of a letter from members of Congress to SBA Administrator Carranza dated April 2, 2020. Emphasis added.

8.      Attached hereto as EXHIBIT A-5 is a true and accurate copy of a letter from members of Congress to SBA Administrator Carranza dated April 10, 2020. Emphasis added.

9.      Attached hereto as EXHIBIT A-6 is a true and accurate copy of an email dated April 15, 2020 sent by the U.S. Small Business Administration to all EIDL applicants.

10.      Attached hereto as EXHIBIT A-7 is a true and accurate copy of the website https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/economic-injury-disaster-loan-emergency-advance.

11.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on July 14, 2020.

_____

**James Ippoliti, Esq.**

# EXHIBIT A-1

**THEODORE E. DEUTCH**
22ND DISTRICT, FLORIDA
WWW.DEUTCH.HOUSE.GOV
FACEBOOK.COM/CONGRESSMANTEDDEUTCH
TWITTER: @REPTEDDEUTCH

COMMITTEE ON ETHICS
CHAIRMAN

COMMITTEE ON FOREIGN AFFAIRS
CHAIRMAN, SUBCOMMITTEE ON THE MIDDLE EAST,
NORTH AFRICA, AND INTERNATIONAL TERRORISM
SUBCOMMITTEE ON EUROPE, EURASIA, ENERGY,
AND THE ENVIRONMENT

COMMITTEE ON THE JUDICIARY
SUBCOMMITTEE ON CRIME, TERRORISM,
AND HOMELAND SECURITY
SUBCOMMITTEE ON COURTS,
INTELLECTUAL PROPERTY, AND THE INTERNET



# Congress of the United States
## House of Representatives
## Washington, DC 20515

WASHINGTON OFFICE:
2447 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-3001

DISTRICT OFFICES:
7900 GLADES RD, SUITE 250
BOCA RATON, FL 33434

CORAL SPRINGS CITY HALL
9500 W. SAMPLE RD, SUITE 204
CORAL SPRINGS, FL 33065

MARGATE CITY HALL
5790 MARGATE BLVD.
MARGATE, FL 33063

(954) 255-8336
(561) 470-5440

April 8, 2020

The Honorable Jovita Carranza
Administrator
Small Business Administration
409 Third Street, SW, Suite 7900
Washington, DC 20416-2230

Dear Administrator Carranza,

I write to urge your Agency to ensure that every small business applying for the Economic Injury Disaster Loan (EIDL) program and requests the immediate assistance of $10,000 be provided the assistance within the three days as required under the CARES Act.

As you are aware, the CARES Act permits small businesses that apply for an EIDL to request an immediate advancement of $10,000 that is distributed to the business within three days of submitting an application. The three-day requirement is a provision – Section 1110(e)(1) - in the CARES Act that is now law.

The intent of the three-day provision is to provide a critical source of funding to bridge the time between a small business submitting an EIDL application and the business receiving approval of their loan application. Small businesses that are applying for the EIDL and also requesting an immediate $10,000 within three days of submitting their application are in dire financial need. The economic impacts of the coronavirus pandemic are making it impossible for many small businesses to keep their employees on the payroll, to make rent and mortgage payments, and meet their basic business needs. Receiving the $10,000 payment can keep a business from permanently closing.

I strongly urge your Agency to quickly provide small businesses requesting the $10,000 with the funding they need as they wait for their EIDL applications to be resolved. This $10,000 is a critical funding bridge for small businesses in the present economic climate. Indeed, Congress has required in law that this funding be provided within three days of the request. Thank you for your

The Honorable Jovita Carranza
April 8, 2020
Page 2

prompt attention to this matter.  I look forward to continuing to work with you to assist our small businesses and their employees.

Sincerely,

Theodore E. Deutch
Member of Congress

# EXHIBIT A-2

# Congress of the United States
## Washington, DC 20515

April 16, 2020

Jovita Carranza
Administrator
Small Business Administration
409 Third Street, SW, Suite 7900
Washington, DC 20416-2230

Dear Administrator Carranza:

Thank you for your leadership in helping American small businesses weather the COVID-19 pandemic. The SBA has been tasked with some of the most important components of our economic recovery, and we appreciate your work in quickly facilitating billions of dollars in lending to our nation's small businesses.

We write to seek information and guidance from the SBA regarding Economic Injury Disaster Loans (EIDLs), how your agency is meeting the challenges facing this program, and how Congress can assist the SBA. As you are aware, millions of small business owners are waiting for a response from the SBA regarding EIDL loans and applications for a CARES Act grant. Based upon the CARES Act's requirement that these grants be distributed within three days, many small business owners have been confused and frustrated regarding the status of their loan and grant application.

The guidance from the SBA to our offices has been that we should direct constituents to contact the SBA for these inquiries; however, we have received reports of long wait times and unsatisfactory answers regarding loan status when inquiries are placed. Many of our constituents have struggled to even determine if their loan application has been received. At present, we lack a sufficient casework channel for our staff to assist these constituents, which has further exacerbated the problem.

We are also greatly concerned regarding reports of severe oversubscription of the EIDL program. Given the average request of a $200,000 loan and a $10,000 grant, many small businesses simply cannot weather the COVID-19 crisis if initial distributions are limited to as little as $15,000 for loans and grants are rationed by number of employees. For that reason, we would strongly back an appropriations request by the Administration to allow the EIDL program to meet the average demand of requests received.

In sum, we recognize the EIDL system was never designed to process a disaster of this magnitude, and we commend your team for working around the clock to remedy this challenge. However, we are concerned that many small businesses cannot wait much longer to receive EIDL funds from the federal government. Many of these businesses and other organizations need EIDL funds to supplement their Paycheck Protection Program (PPP) loan, are not good candidates for the PPP due to its requirements or are not eligible for that program at all. For that reason, we hope you will provide a briefing to us as soon as possible to address issues facing the EIDL program and how Congress can help the SBA meet these challenges.

Thank you for your attention to this letter.  We look forward to continuing to work with the SBA as you help our small businesses weather this unprecedented time.

Sincerely,

Bradley Byrne
MEMBER OF CONGRESS

Jim Cooper
MEMBER OF CONGRESS

Tom Cole
MEMBER OF CONGRESS

Jennifer Wexton
MEMBER OF CONGRESS

Rodney Davis
MEMBER OF CONGRESS

Sanford D. Bishop, Jr.
MEMBER OF CONGRESS

/s/
Michael T. McCaul
MEMBER OF CONGRESS

Anthony G. Brown
MEMBER OF CONGRESS

Greg Walden
MEMBER OF CONGRESS

Ami Bera, M.D.
MEMBER OF CONGRESS

John Shimkus
MEMBER OF CONGRESS

Donald S. Beyer Jr.
MEMBER OF CONGRESS

2

Dan Meuser
MEMBER OF CONGRESS

Bobby L. Rush
MEMBER OF CONGRESS

John Rutherford
MEMBER OF CONGRESS

Mike Levin
MEMBER OF CONGRESS

David Rouzer
MEMBER OF CONGRESS

Tom O'Halleran
MEMBER OF CONGRESS

Steve King
MEMBER OF CONGRESS

Joe Cunningham
MEMBER OF CONGRESS

Pete Stauber
MEMBER OF CONGRESS

Bradley S. Schneider
MEMBER OF CONGRESS

Donald J. Bacon
MEMBER OF CONGRESS

Antonio Delgado
MEMBER OF CONGRESS

Bob Gibbs
MEMBER OF CONGRESS

Bill Foster
MEMBER OF CONGRESS

3

Trent Kelly
MEMBER OF CONGRESS

Ed Case
MEMBER OF CONGRESS

Adrian Smith
MEMBER OF CONGRESS

Anthony Gonzalez
MEMBER OF CONGRESS

Jack Bergman
MEMBER OF CONGRESS

Salud Carbajal
MEMBER OF CONGRESS

Steve Watkins
MEMBER OF CONGRESS

J. Luis Correa
MEMBER OF CONGRESS

Michael Guest
MEMBER OF CONGRESS

Joe Courtney
MEMBER OF CONGRESS

Rick Crawford
MEMBER OF CONGRESS

Gilbert R. Cisneros, Jr.
MEMBER OF CONGRESS

Carol D. Miller
MEMBER OF CONGRESS

Stephanie Murphy
MEMBER OF CONGRESS

William Timmons
MEMBER OF CONGRESS

Haley Stevens
MEMBER OF CONGRESS

Jeff Fortenberry
MEMBER OF CONGRESS

Ted Lieu
MEMBER OF CONGRESS

Ralph Abraham, M.D
MEMBER OF CONGRESS

Joseph D. Morelle
MEMBER OF CONGRESS

Ron Wright
MEMBER OF CONGRESS

Xochitl Torres Small
MEMBER OF CONGRESS

Rob Woodall
MEMBER OF CONGRESS

Cheri Bustos
MEMBER OF CONGRESS

Jackie Walorski
MEMBER OF CONGRESS

Jared Golden
MEMBER OF CONGRESS

Tim Burchett
MEMBER OF CONGRESS

Bonnie Watson Coleman
MEMBER OF CONGRESS

5

Darin LaHood
MEMBER OF CONGRESS

Colin Allred
MEMBER OF CONGRESS

Neal P. Dunn, M.D.
MEMBER OF CONGRESS

Kurt Schrader
MEMBER OF CONGRESS

F. James Sensenbrenner, Jr.
MEMBER OF CONGRESS

Angie Craig
MEMBER OF CONGRESS

Brian Fitzpatrick
MEMBER OF CONGRESS

/s/

Grace Napolitano
MEMBER OF CONGRESS

Cathy McMorris Rodgers
MEMBER OF CONGRESS

Tulsi Gabbard
MEMBER OF CONGRESS

David P. Roe, M.D.
MEMBER OF CONGRESS

/s/

Sheila Jackson Lee
MEMBER OF CONGRESS

Garret Graves
MEMBER OF CONGRESS

Kathleen M. Rice
MEMBER OF CONGRESS

6

Martha Roby
MEMBER OF CONGRESS

Jamie Raskin
MEMBER OF CONGRESS

Michael Waltz
MEMBER OF CONGRESS

/s/
Matthew Cartwright
MEMBER OF CONGRESS

Ben Cline
MEMBER OF CONGRESS

Peter Welch
MEMBER OF CONGRESS

Adam Kinzinger
MEMBER OF CONGRESS

/s/
Rashida Tlaib
MEMBER OF CONGRESS

Brian Mast
MEMBER OF CONGRESS

Jan Schakowsky
MEMBER OF CONGRESS

Tom Rice
MEMBER OF CONGRESS

Ben McAdams
MEMBER OF CONGRESS

/s/
Steve Stivers
MEMBER OF CONGRESS

/s/
Mike Thompson
MEMBER OF CONGRESS

7

/s/
_____

Scott Peters
MEMBER OF CONGRESS


/s/
_____

Jeff Duncan
MEMBER OF CONGRESS


_____

Roger Marshall, M.D
MEMBER OF CONGRESS


/s/
_____

Scott Tipton
MEMBER OF CONGRESS


_____

John Katko
MEMBER OF CONGRESS


/s/
_____

Gus Bilirakis
MEMBER OF CONGRESS


_____

Jody B. Hice
MEMBER OF CONGRESS


/s/
_____

Troy Balderson
MEMBER OF CONGRESS


/s/
_____

André Carson
MEMBER OF CONGRESS


_____

Joyce Beatty
MEMBER OF CONGRESS


/s/
_____

David McKinley
MEMBER OF CONGRESS


_____

Doug LaMalfa
MEMBER OF CONGRESS


_____

Kelly Armstrong
MEMBER OF CONGRESS


_____

Mike Bost
MEMBER OF CONGRESS

8

/s/
_____

Donna E. Shalala
MEMBER OF CONGRESS

_____

Jim Banks
MEMBER OF CONGRESS

_____

Earl L. "Buddy" Carter
MEMBER OF CONGRESS

_____

Katie Porter
MEMBER OF CONGRESS

# EXHIBIT A-3

**Small Business Administration**    📥 Inbox - Chathaminn   March 30, 2020 at 9:10 PM   SA
Update about your Economic Injury Disaster Loan application submitted to the U.S. Small Busin...   Details
To:  JEFF IPPOLITI,
Reply-To:  news@updates.sba.gov



We know you are facing challenging times in this current health crisis. The U.S. Small Business Administration is committed to help bring relief to small businesses and nonprofit organizations suffering because of the Coronavirus (COVID-19) pandemic.

On March 27, 2020, President Trump signed into law the CARES Act, which provided additional assistance for small business owners and non-profits, including the opportunity to get **up to a \$10,000 Advance on an Economic Injury Disaster Loan (EIDL)**. This **Advance** may be available even if your **EIDL** application was declined or is still pending, and **will be forgiven.**

**If you wish to apply for the Advance on your EIDL, please visit www.SBA.gov/Disaster as soon as possible to fill out a new, streamlined application. In order to qualify for the Advance, you need to submit this new application even if you previously submitted an EIDL application. Applying for the Advance will not impact the status or slow your existing application.**

Also, we encourage you to subscribe to our email updates via www.SBA.gov/Updates and follow us on Twitter at @SBAgov for the latest news on available SBA resources and services. If you need additional assistance, you can find your local SBA office and resource partners at www.SBA.gov/LocalAssistance. If you have questions, you may also call 1-800-659-2955.

**U.S. Small Business Administration**
409 3rd St, SW. Washington DC 20416
www.sba.gov

**Subscriber Services**
Unsubscribe  |  Manage your account

    

# EXHIBIT A-4

# United States Senate
## WASHINGTON, DC 20510-3203

April 2, 2020

The Honorable Jovita Carranza
Administrator
U.S. Small Business Administration
409 3rd Street SW
Washington, DC 20416

Dear Administrator Carranza,

We write to thank you for our recent phone call to discuss the implementation of the Small Business Administration's (SBA) critical programs to help the nation's small businesses and nonprofits stay afloat during this unprecedented crisis. COVID-19 has wreaked havoc on employers and their workers across every industry and in every corner of the nation. So many of our small businesses operate at close margins and have limited ability to absorb the kind of significant hit to revenues that this pandemic has caused. As we conveyed, and as we know you understand, a swift implementation is required of the small business assistance Congress included in the *Coronavirus Aid, Relief, and Economic Security Act* (the *CARES Act*).

In follow-up to our conversation, we wanted to further reiterate our urgent request for the release of guidance that both reflects Congress' intent in the *CARES Act* and that offers clarity and certainty to small businesses and nonprofits on how they can receive timely assistance from the SBA. Included below is a list of priority issues we discussed for consideration as SBA develops guidance.

**Implementation Timeline**
- So many small businesses and nonprofits have weeks, if not days, before they go under. We need swift implementation of the various SBA programs in the legislation. While we appreciate that the Administration has committed to the first Paycheck Protection Program (PPP) loans being processed this Friday, we want to stress the need for clarity on how businesses can access these programs and lenders can facilitate the loans. Can you confirm when detailed guidance will be finalized and how this information will be shared with small businesses and organizations so they are aware? Can you confirm that as of this Friday, any eligible small business or nonprofit will be able to work with a certified SBA-7(a) lender to begin a PPP loan application?

**Treasury Expansion of 7(a) Lender Network**
- As you know, this legislation authorized Treasury to designate many more financial institutions as new SBA eligible lenders. The PPP loan program's success rests on this expansion of SBA's lending network. Can you provide details on how SBA is coordinating with the Treasury Department to expedite the addition of new lenders to the certified SBA 7(a) lenders network? Related, what kind of steps are being taken to get information to our constituents on how these programs will work and where and when they can begin applying? How can a small business or nonprofit learn if their bank is eligible to process a loan and if not, where to locate an eligible financial institution to

work with? We want to avoid a situation where small businesses do not know where to go to access these critical loans. In fact, we were encouraged by discussion of a hotline that small businesses and lenders can call if they encounter any complications or have additional questions. Will such a hotline be put in place? How will you ensure adequate staffing is available so wait times are minimal?

**Reporting on Loan Program Results**
- We want to have a close understanding of how many loans are being made, who is receiving the loans, and how quickly funding is being drawn down in case Congress must act quickly in considering more funding for these programs. Can you commit to a weekly report on this information?

**Nonprofit Eligibility**
- We have heard many concerns from our nonprofits that the SBA's affiliation rules may prevent them from receiving assistance. How strictly will the SBA apply the affiliation rules to these programs during this crisis? Will the SBA address these concerns in the guidance for implementation? Can you provide clear direction to the nonprofit community on who may be eligible or not based on these affiliation rules? If so, when?

- It has also been brought to our attention that thousands of nonprofits in Puerto Rico may be ineligible under the 501(c)(3) eligibility standard included in the Paycheck Protection Program. The issue is that Puerto Rico's nonprofits register their status locally and not with the IRS, which technically means they are not 501(c)(3). This runs against Congress' intent for most charitable nonprofits, with up to 500 employees, to qualify for this program. Nonprofits in our territories cannot be left out of this program because of this technicality. The SBA should consider evidence in determining 501(c)(3) eligibility that considers nonprofit organizations or entities that are organized or doing business under State law. Will the SBA address this issue in guidance?

- We are concerned that the SBA may rule houses of worship as ineligible for SBA's Paycheck Protection Program. There are reasons that require a thoughtful application of the agency's rules for houses of worship, but we also want to stress, to the extent legally possible, the need to support these institutions as 501(c)(3) organizations the *CARES Act* made eligible. How will the SBA address this in its guidance?

**Affiliation Rules**
- In addition to how affiliation rules may negatively impact nonprofits, we are also concerned that some genuine small businesses that have a relationship with investors may be left out of PPP loans due to affiliation rules. We are also concerned that lenders and the SBA could be hindered by the lack of clarity in the rules as they stand because they are cumbersome, complex and in some cases subjective. Will the SBA issue swift guidance that has brighter lines and additional clarity to resolve confusion with regard to the eligibility of small businesses with minority investors in order to better inform applicants and avoid leaving out small businesses with a credible need?

**Ensuring Small, Disadvantaged, and Underserved Businesses Receive Assistance**
- We are very concerned about the limited funding provided to the SBA's PPP loans being drawn down quickly, especially given the provisions for franchises, big hotels and restaurants. What protocols are you putting in place to monitor the use of funds?

- Given these funds are first-come, first-serve, how are you ensuring that independent and community small businesses without the resources of larger companies are getting the assistance they need to access the program?

- How will you ensure disadvantaged and underserved businesses are receiving assistance from this program, not just bigger businesses taking advantage of provisions that waived rules for franchises, big hotels and restaurants?

**Debt Relief for SBA Borrowers**
- The *CARES Act* included a provision to provide debt relief for six months to existing and new SBA borrowers. We view this as a forceful but simple step to stabilize the existing portfolio and enabling SBA lenders to focus on making new loans. It is our view that borrowers need not complete any paperwork to receive this benefit. Do you agree? What are your plans for notifying lenders and borrowers about this provision and for implementing it quickly?

**Emergency Economic Injury Grant**
- The *CARES Act* included a requirement that a $10,000 grant be awarded within 3 days of an application to the SBA's Economic Injury Disaster Loan program to help cover operating expenses while waiting for the loan processing. Are SBA staff prepared to fulfill this requirement?

By no means is this list comprehensive of the many issues that must be considered in implementation of the SBA's programs included in the *CARES Act*. We hope that you will closely consider each of these topics and others that we will engage with you on in the days, weeks, and months ahead to ensure SBA is implementing the programs according to Congressional intent and in such a way that can best serve the nation's small businesses and nonprofits.

We once again thank you for your tremendous efforts in response to this national emergency and look forward to continued partnership.

Sincerely,

Charles E. Schumer
United States Senator

Ben Cardin
United States Senator

Christopher A. Coons
United States Senator

Bernard Sanders
United States Senator

# EXHIBIT A-5

# Congress of the United States
## Washington, DC 20515

April 10, 2020

The Honorable Steven Mnuchin
Secretary
U.S. Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

The Honorable Jovita Carranza
Administrator
Small Business Administration
409 3rd Street, SW
Washington, DC 20416

Dear Secretary Mnuchin and Administrator Carranza,

The City of New York's small businesses and entrepreneurs are suffering immensely as a result of the Coronavirus (COVID-19).  Since March 22, New York has been under a statewide stay-at-home order to slow the spread of the novel Coronavirus to help flatten the curve. This order effectively shuttered all non-essential small businesses throughout the city.  In New York, 98 percent of all businesses are small, with fewer than 100 employees, and 89 percent are very small employing fewer than 20 individuals.  The impact of the pandemic on our local economy is dire and can be seen in the 810,000 unemployment claims made by New Yorkers since March 9th.[1]

To address the unprecedented challenges facing small businesses, Congress passed the Coronavirus Aid, Relief, and Economic Security (CARES) Act, a $2.2 trillion stimulus bill, which contains funding for a wide range of programs designed to help respond to the economic downturn caused by the COVID-19 pandemic.  Specific to the SBA and our small business owners, Congress created a new loan forgiveness program and grants to help keep small businesses afloat during this unprecedented crisis.

The Paycheck Protection Program (PPP) received $349 billion in funding to inject into our nation's struggling small businesses.  The program will provide forgivable, low-interest loans to small businesses to pay employees, keep them on the payroll, and keep the businesses viable.  To that end, Congress created basic requirements, including eligibility, loan size, and forgiveness criteria, to reach small businesses as quickly as possible while also providing lenders with the tools they need to deliver this vital support.

The CARES Act also created a new, immediate disaster grant at the SBA.  Using the current economic injury disaster loan (EIDL) program, these grants were designed and intended to deliver a quick infusion of capital, based simply on applicants self-certifying that they are eligible.  Further, grant recipients are not precluded from applying for PPP loans or continuing to pursue disaster loans.

---

[1] Edwards, Jesse, "NY Launching New Unemployment Site That Won't Require Phone Call, 200K NYers Still in Limbo", NBC New York, accessed on April 9, 2020, https://www.nbcnewyork.com/news/local/ny-to-launch-new-unemployment-site-that-doesnt-require-phone-call-more-than-200k-new-yorkers-still-waiting/2367386/

We are concerned that these programs are not being implemented as Congress intended. Beginning on Tuesday, March 31st, the SBA and the Treasury Department posted guidance on their websites to implement the PPP.[2]  Since then, due to the lack of formal Standard Operating Procedures, borrowers and lenders have been forced to rely on an incomplete and ever-changing list of questions and answers issued by your agencies.  Unfortunately, this guidance continues to leave out vital information about eligibility of businesses and nonprofits, guidance for lenders on how to close loans, and adds new requirements that were not part of the law.

Of particular concern, the SBA adopted the "first-come, first serve rule," which provides no assurances that the most vulnerable small businesses will have access to the forgivable loans. Coupled with reports that many lenders are currently only making PPP loans to their existing customers, we fear that without full guidance, traditionally underserved small businesses in urban areas hit hard by the pandemic, like New York City, will be left behind. The guidance also established a 75/25 percent rule that could conceivably limit the amount of loan forgiveness for small businesses, particularly those in New York City with steep rents.  We need to ensure the program will be there and workable for New York's microbusinesses - the shops and corner stores that are woven into the fabric of our communities.

Turning to the EIDL grants, which Congress intended to provide a quick infusion of cash to help small businesses pay their rent and other bills, SBA has failed to issue final guidance and award grants in a manner consistent with Congressional intent.  The SBA has metered the amount of the EIDL grant to $1,000 per employee, even though Congress specifically stated that the applicant, not the agency, has the sole authority to determine how much grant money they receive up to $10,000. Moreover, the law requires SBA to issue advances within three days of receipt of applications, yet small business owners say they are still waiting weeks after applying.

The SBA has also been plagued by IT system issues that have contributed to delays in making loans. We have heard numerous reports about the Etran system crashing which prevents lenders from processing loans.  Constituents have also reported being kicked out of the EIDL system and having to restart the time-consuming process of applying for a disaster grant.

Finally, the SBA has lacked transparency in reporting results from these programs to Congress and the American people.  At a time when swift execution is required to stem this economic crisis, it is imperative that we know details on program implementation.  The SBA must establish a daily tracking of key data and information such as how many loans and grants are being processed by participating lenders and the agency, how much money is being allocated to small businesses, size of businesses served, demographics of business owners, and geographic distribution of awards across the country.  This reporting is central to our Congressional oversight responsibilities to ensure program performance.  Furthermore, we need to know the spend rates in these programs so action can be taken to appropriate the necessary funds to ensure all eligible small businesses have access to this critical assistance.

---

[2] Assistance for Small Businesses, U.S. Department of the Treasury, accessed on April 9, 2020 at https://home.treasury.gov/policy-issues/top-priorities/cares-act/assistance-for-small-businesses ; Coronavirus (COVID-19): Small Business Guidance & Loan Resources, U.S. Small Business Administration, accessed on April 9, 2020 at https://www.sba.gov/page/coronavirus-covid-19-small-business-guidance-loan-resources

These are just a few of the many issues that we are hearing from small business owners and lenders in our communities.  In sum, we are deeply troubled by the lack of clear, coherent guidance for small businesses during this crisis, and we urge you to release formal comprehensive Standard Operating Procedures immediately to put all small businesses on an equal playing field and give lenders the clarity they need to process and disburse loans.  We further request that you provide Congress with daily reporting on SBA's programs in response to the COVID-19 pandemic.

Sincerely,


Nydia M. Velázquez
Member of Congress

Charles Schumer
United States Senator


Kirsten Gillibrand
United States Senator

Jerrold Nadler
Member of Congress


Yvette Clarke
Member of Congress

Hakeem Jeffries
Member of Congress


Alexandria Ocasio-Cortez
Member of Congress

Thomas R. Suozzi
Member of Congress


Eliot L. Engel
Member of Congress

Grace Meng
Member of Congress

Carolyn B. Maloney
Member of Congress

Kathleen M. Rice
Member of Congress

Gregory Meeks
Member of Congress

Adriano Espaillat
Member of Congress

José E. Serrano
Member of Congress

# EXHIBIT A-6



Dear Applicant,

On March 29, 2020, following the passage of the CARES Act, the SBA provided small business owners and non-profits impacted by COVID-19 with the opportunity to obtain up to a $10,000 Advance on their Economic Injury Disaster Loan (EIDL). The Advance is available as part of the full EIDL application and will be transferred into the account you provide shortly after your application is submitted. **To ensure that the greatest number of applicants can receive assistance during this challenging time, the amount of your Advance will be determined by the number of your pre-disaster (i.e., as of January 31, 2020) employees. The Advance will provide $1,000 per employee up to a maximum of $10,000.**

You may be eligible for another loan program, the **Paycheck Protection Program**, which is available through participating lenders. Below is a comparison of the two loan programs:

|  | **Paycheck Protection Program** | **Full EIDL Loan** |
|---|---|---|
| **PURPOSE** | Forgivable if used for payroll (minimum of 75% of the funds received) and the remaining for certain operating expenses (amount of any EIDL advance is not forgivable) | To meet financial obligations and operating expenses that could have been met had the disaster not occurred (amount of any EIDL advance is forgiven) |
| **TERMS** | Up to $10 million<br><br>1% interest rate | Up to $2 million<br><br>3.75% for businesses<br><br>2.75% for non-profits |
| **FORGIVABLE** | YES | NO – EIDL Loan<br><br>YES – EIDL Advance |
| **MATURITY** | 2 years | 30 years |
| **FIRST PAYMENT DUE** | Deferred 6 months | Deferred 1 year |

# EXHIBIT A-7

sba.gov/funding-programs/loans/coronavirus-relief-options/economic-injury-disaster-loan-emergency-advance

**SBA** U.S. Small Business Administration

Translate   SBA en Español   For Partners   Newsroom   Contact Us

**Business Guide     Funding Programs     Federal Contracting     Learning Center     Local Assistance     About SBA**

⌂ / Funding Programs / Loans / Coronavirus Relief Options / Economic Injury Disaster Loan Emergency Advance

**‹ Back to Coronavirus Relief Options**

**Coronavirus Relief Options**

Paycheck Protection Program

Economic Injury Disaster Loan Emergency Advance

SBA Express Bridge Loans

SBA Debt Relief

# Economic Injury Disaster Loan Emergency Advance

*This loan advance will provide up to $10,000 of economic relief to businesses that are currently experiencing temporary difficulties.*

—

**Content**

Notice: Lapse in Appropriations
Overview
Eligibility

## Notice: Lapse in Appropriations

SBA is unable to accept new applications at this time for the Economic Injury Disaster Loan (EIDL)-COVID-19 related assistance program (including EIDL Advances) based on available appropriations funding.

Applicants who have already submitted their applications will continue to be processed on a first-come, first-served basis.

## Overview

In response to the Coronavirus (COVID-19) pandemic, small business owners in all U.S. states, Washington D.C., and territories are eligible to apply for an Economic Injury Disaster Loan advance of up to $10,000. This advance will provide economic relief to businesses that are currently experiencing a






1:42 PM
4/17/2020

< Back to Coronavirus Relief
Options

## Coronavirus Relief Options

Paycheck Protection Program

Economic Injury Disaster Loan
Emergency Advance

SBA Express Bridge Loans

SBA Debt Relief

up to $10,000. This advance will provide economic relief to businesses that are currently experiencing a temporary loss of revenue. Funds will be made available following a successful application. This loan advance will not have to be repaid.

# Eligibility

The SBA's Economic Injury Disaster Loan provides vital economic support to small businesses to help overcome the temporary loss of revenue they are experiencing as a result of the COVID-19 pandemic.

This program is for any small business with less than 500 employees (including sole proprietorships, independent contractors and self-employed persons), private non-profit organization or 501(c)(19) veterans organizations affected by COVID-19.

Businesses in certain industries may have more than 500 employees if they meet the SBA's size standards for those industries.

The Economic Injury Disaster Loan advance funds will be made available within days of a successful application, and this loan advance will not have to be repaid.

Frequently Asked Questions for Faith-Based Organizations Participating in the Paycheck Protection Program and the Economic Injury Disaster Loan Program



Get help after disaster strikes.

**GET DISASTER ASSISTANCE**

Previous | Next

< Paycheck Protection Program | SBA Express Bridge Loans >

| Customer Service | About SBA.gov | SBA Information | SBA Performance | Oversight | Tools and Features |
|---|---|---|---|---|---|
| About SBA | Site Map | Freedom of Information Act | Strategic Planning | Inspector General | Online Training |
| Contact SBA | Privacy Policy | No Fear Act | Performance, Budget, and Financing | Advocacy | Find Events |
| SBA en Español | Linking Policy | Report Fraud, Waste, and | | Hearings and Appeals | Qualify for Government |

| SBA en Español | Linking Policy | Report Fraud, Waste, and Abuse | | Hearings and Appeals | Qualify for Government Contracts |
| Media and Press Relations | Accessibility | Initiatives | Open Government | Ombudsman | SBA Videos |
| SBA Locations | Disclaimers | Plain Language | Policy and Regulations | WhiteHouse.gov | |
| SBA Team | Social Media | National Resource Guides (English/Spanish) | Eliminating Fraud, Waste, and Abuse | USA.gov | |
| | Data Store | | | Regulations.gov | |
| | Blog | | | | |

U.S. Small Business Administration | 409 3rd St, SW, Washington DC 20416

Sign up for SBA email updates

**SUBSCRIBE**